JOHN C. BARTLETT *vs.* MELVINA S. WARE and another.

Kennebec.    Opinion January 19, 1883.

*Attachment of real estate.    Declaration.*

Where the only count in the writ was upon an account annexed, which contained the following, among other items: "Balance as per s't'lement, 2123.54", "Mdse as per bill, 7.75", "Mdse as per bill, 39.75"; *Held,* That the nature and amount of the plaintiff's demands were not sufficiently set forth to justify and sustain an attachment of real estate.

ON REPORT.

Writ of entry, dated February 12, 1881. The plaintiff's title depended upon the validity of an attachment upon a writ which contained but one count, and that was upon an account annexed as follows:

"1877.         John McGugin,   In acc't with J. C. Bartlett.

| Feb. 1, | Balance as per s't'lement, | 2123 | 54 | | |
|---------|----------------------------|------|----|--|--|
| 3, | Pd note at Cobb. Nat. Bank, | 227 | 61 | | |
| 5, | Mdse. as per bill, | 7 | 75 | | |
| 6, | Discount on Moulton's note, | 8 | 93 | | |
| " | 2 bus. meal, | 1 | 54 | | |
| 8, | Mdse as per bill, | 39 | 75 | | |
| | | | | 2409 | 12 |
| | Int. on acc't, | | | 50 | 00 |
| | | | | 2459 | 12 |

Cr.

| Feb. 3, | By O. Moulton's 6 mos. note, | | 248 | 26 |
|---------|------------------------------|--|-----|----|
| | | | 2210 | 86" |

After the attachment and prior to the levy, the debtor conveyed the real estate and defendants' title rested upon that conveyance.

*L. Clay,* for the plaintiff.

The first item in the account annexed was balance found due upon a settlement. That was a sufficient specification of the nature and amount of that item. *Harrington* v. *Tuttle*, 64 Maine, 476. The other two items, "mdse as per bill", do not necessarily refer to any other paper not attached to the writ, as in *Bennett* v. *Davis*, 62 Maine, 544. They do not say "as per bill rendered." All the items are sufficient to give subsequent purchasers or attaching creditors the nature and amount of the plaintiff's claim. *Jordan* v. *Keen*, 54 Maine, 417; *Osgood* v. *Holyoke*, 48 Maine, 410; *Shaw* v. *Nickerson*, 60 Maine, 249.

*Baker* and *Baker*, for the defendants, cited: *Saco* v. *Hopkinton*, 29 Maine, 268; *Osgood* v. *Holyoke*, 48 Maine, 410; *Hanson* v. *Dow*, 51 Maine, 165; *Bennett* v. *Davis*, 62 Maine, 544; *Harrington* v. *Tuttle*, 64 Maine, 474; *Drew* v. *Alfred Bank*, 55 Maine, 450.

WALTON, J. The statutes of this state declare that no attachment of real estate on mesne process shall create any lien thereon, unless the nature and amount of the plaintiff's demand are set forth in proper counts, or a specification thereof is annexed to the writ. Act 1838, c. 344. R. S., c. 81, §56.

This is a real action, and the only question is whether the account annexed to the plaintiff's writ in a former suit of his, against the then owner of the land, contained a sufficient specification of the nature and amount of his demands to justify and sustain an attachment of real estate. We think it did not. The first item of the account was for "*Balance as per s'tlement, 2123.54.*" Settlement of what? Of an account for intoxicating liquors sold in violation of law, or of an account for goods lawfully sold? Surely, the *nature* of the demands settled is not so stated that upon an examination of the writ one could tell whether they were valid or invalid. We think such a specification is not sufficient. The third and sixth items were for "*mdse as per bill, 7.75,*" and for "*mdse as per bill, 39.75.*" Could anything be more indefinite? In the construction of the statutes above cited it has been held that when an action is brought upon an account annexed to the writ, something more is required

than a statement  that there is a certain " amount " or " balance "
due to the plaintiff.   *Saco* v. *Hopkinton*, 29 Maine, 268 ;  *Savings Bank* v. *Land and Lumber Co.* 73  Maine, 404.   And in
*Bennett* v. *Davis*, 62 Maine, 544, where, in  an  action  upon an
account annexed, the only item in the account annexed was, " To
groceries as per bill of particulars rendered, $28.52," the court
held the declaration bad on demurrer.

Very clearly the account annexed to the plaintiff's writ in his
suit against the then owner of the land demanded in this suit,
was not sufficient to sustain the  attachment, and such being the
case, it is conceded by the plaintiff's counsel that judgment must
be rendered for the defendants.

*Judgment  for  defendants.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS,
JJ., concurred.